## 21668.  BAILEY v. TIFTON BUICK COMPANY.

STEPHENS, J.  1. A representation made by a landlord to a tenant as to the number of acres in a tract does not constitute fraud where the tenant had equal opportunity with the landlord of ascertaining the number of acres in the tract, and where the landlord did not by trick or artifice prevent the tenant from ascertaining the size of the tract. The fact that the tenant had no way of measuring the tract or no opportunity of measuring it does not show that the tenant did not have equal opportunity with the landlord of ascertaining its size. Civil Code (1910), § 4122; Wylly v. Gazan, 69 Ga. 506 (5 a).

2. Where, in a plea to a suit on a note, it was alleged that the note was given for the rental of farm lands, and liability in full upon the note was denied upon the ground that there was a shortage in the acreage of the lands as represented by the landlord, the plea failed to allege a valid defense to the note, where it did not appear that the landlord, in misrepresenting the number of acres in the tract, committed any fraud upon the defendant.

3. Where a note sued on was payable in money, a plea which alleged that the note was given for the agreed rental value of farm lands, and that as a part of the contract of rental it was agreed between the parties that the note could be paid in farm products at an agreed value, but from which it did not appear that this agreement was in writing, set up no legal defense to the note.

4. The court did not err in sustaining the demurrer to the defendant's plea as amended, and the verdict and judgment for the plaintiff were a legal termination of the cause.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED JANUARY 14, 1932. REHEARING DENIED FEBRUARY 9, 1932.

H. L. Williams, for plaintiff in error.  Wade H. Watson, contra.